CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

OCT 2 5 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID L. FARMER, | ) | |
|     Petitioner, | ) | Civil Action No. 7:05-cv-00204 |
| | ) | Crim. No. 1:02-cr-00047 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. James C. Turk |
|     Respondent. | ) | Senior United States District Judge |

Petitioner, David L. Farmer, a federal inmate proceeding pro se, brings this habeas petition, pursuant to 28 U.S.C. §2255. Petitioner challenges the validity of his conviction and sentence for threatening two federal witnesses, in violation of 18 U.S.C. § 1512(b)(1). The respondent has filed a motion to dismiss, and petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court grants the motion to dismiss.

I.

Count 1 of the July 24, 2004, Superseding Indictment in this case charged that on May 10 and 14, 2002, Farmer called material witness Jerry Poore a "snitch" in the New River Valley Jail (NRVJ) Intake Block and told Poore, "[I]f you testify you're dead," or words to that effect, with intent to influence, prevent or delay the witness's testimony in federal court proceedings.[1] Count 2 charges that Farmer made similar statements and threats at the NRVJ to another material witness, Edwin Shomaker, with intent to influence, prevent or delay that witness's testimony. Farmer pled not guilty. A jury found him guilty on both charges. The court sentenced Farmer to 120 months imprisonment on Count 1 and 90 months on Count 2, to run consecutively, for a total 210 month term of imprisonment. Farmer, through counsel, appealed the conviction, arguing that the prosecution improperly vouched for the credibility of its witnesses. The United States Court of

---

[1] The presentence report provides more details about Farmer's offense conduct. Poore and Shomaker were material witnesses in the case of United States v. Samuel Ealy. Ely faced charges of conspiracy to commit murder in furtherance of a continuing criminal enterprise, three counts of murder in furtherance of a continuing criminal enterprise, and three counts of aiding and abetting murder. Farmer is Ealy's nephew and was subpoenaed to testify for the defense.

1

Appeals for the Fourth Circuit held that the prosecution's statements about the witnesses' credibility were improper, but denied the appeal upon finding that the statements were not so prejudicial as to render Farmer's trial unfair. See United States v. Farmer, 97 Fed. Appx. 418, D.N. 03-4826, 2004 WL 1066351 (4th Cir. May 14, 2004) (unpublished).

On March 9, 2005, Farmer executed this § 2255 petition, alleging the following grounds for relief: 1) counsel was ineffective for failing to appeal the court's ruling that the sentences on the two counts would run consecutively; 2) counsel was ineffective in failing to object when the court relied on petitioner's prior convictions to enhance his sentence, absent prior notice from the government, pursuant to 21 U.S.C. § 851(a); 3) counsel failed to object to petitioner's sentence under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and petitioner must be resentenced in accordance with United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005).

## II.

To prove that his counsel's assistance was so defective as to require reversal of his conviction or sentence, a convicted defendant must meet a two prong standard, showing both counsel's deficient performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must overcome a strong presumption that give circumstances as they existed at the time of trial, "the challenged action might be considered sound trial strategy." Id. at 687-89. Second, petitioner must demonstrate resulting prejudice; at a minimum, petitioner must show "a reasonable probability" that but for counsel's unprofessional error, the result reached by a reasonable and impartial fact finder would have been different. Id. at 694-95. If it is clear that no prejudice resulted from the alleged error, the court need not inquire whether the error qualifies as incompetent representation. Strickland, 466 U.S. at 697.

## III.

In Claim 1, Farmer argues that under United States Sentencing Guidelines (USSG) § 3D1.2, the court should have grouped his two counts as related offenses for sentencing because they involved the same harm. This argument fails. Because Farmer's two offenses involved two victims,

2

on different occasions, the offenses are not related in such a way as to fall within the class of multiple offenses that should be grouped under § 3D1.2. See § 3D1.2, Comm. Background.

Furthermore, the court has reviewed the presentence report and concludes that Farmer's sentence was properly calculated. Because he obstructed prosecution of several serious offenses, his base offense level is 30, pursuant to § 2X3.1(a). He also received a two-point increase for obstruction of justice, based on perjury during his own criminal proceedings, for an adjusted offense level of 32 on each count. Grouping the counts as unrelated offenses, pursuant to § 3D1.4, Farmer's combined adjusted offense level is 34. With his criminal history category of IV, his guideline range is 210-262 months imprisonment. The statutory maximum sentence of imprisonment for each of Farmer's offenses, separately, is 10 years. § 1512(b). Thus, to reach the guideline range as required in § 5G1.2(D), the court sentenced Farmer to 120 months on one count, with a consecutive sentence of 90 months on the other count, for a total of 210 months. As the court properly sentenced Farmer to consecutive sentences in this case, counsel's failure to raise such an objection on appeal was neither deficient performance nor prejudicial to the outcome in Farmer's case. Strickland, 466 U.S. at 687. The court will deny relief on Claim 1

In Claim 2, Farmer asserts that the government failed to file a notice under 21 U.S.C. § 851(a) of prior convictions to be considered in calculating Farmer's federal sentence. Because Farmer was not convicted of violating any section of Title 21 of the United States Code, § 851(a) did not apply to his case. Moreover, Farmer did receive notice, through the presentence report, of the convictions that the court would consider in calculating his criminal history category, which plays an important part in determination of the sentencing range under the USSG. Farmer fails to cite any authority, and the court knows of none, requiring the government to give the defendant notice before trial of prior convictions that may be considered in calculating his criminal history category under the USSG.

In Claim 2, Farmer also asserts that he wanted to challenge the constitutionality of some of his prior convictions before this court used them at sentencing. To show that the court should not

count a prior conviction in calculating his current criminal history category, Farmer must demonstrate that he did not waive his right to counsel on the prior charge and that the state court did not appoint counsel to represent him in the state criminal proceedings he challenges. United States v. Custis, 511 U.S. 485, 496 (1994). The defendant has no right at a federal sentencing hearing, however, to challenge a prior state conviction on grounds of mere ineffective assistance of counsel. Id. Farmer alleges that he is actually innocent of some of his prior convictions and that he pled guilty unintelligently and involuntarily in those cases upon the advice of ineffective counsel. These allegations would not have supported a challenge to any of Farmer's prior convictions during sentencing on his instant federal offenses. Based on the foregoing, the court cannot find that counsel's alleged omissions with regard to Farmer's prior convictions were either deficient performance or prejudicial to the outcome. Accordingly, Farmer's Claim 2 fails under Strickland, and the court will deny relief.

In Claim 3, Farmer asserts that the court improperly enhanced his sentence based on numerous facts that were not proven to, or found by, the jury. He relies on Apprendi, Blakely v. Washington, 124 S. Ct. 2531 (2004), and Booker/Fanfan. Farmer has no claim for relief under these cases. Apprendi and Blakely involved challenges to state sentencing guidelines, and neither of these cases invalidated the federal sentencing guidelines. See Blakely, 124 S. Ct. at 2540; Harris v. United States, 536 U.S. 545, 557 (2002) (Apprendi not implicated when district court determines sentencing enhancements that do not increase statutory maximum sentence). Moreover, the Blakely and Booker decisions had not yet been rendered at the time of Farmer's 2003 criminal proceedings. As counsel's effectiveness must be gauged under the legal landscape at the time of sentencing, the court cannot find counsel's failure to challenge Farmer's sentence under these cases to be deficient performance.

Furthermore, although Booker affected the USSG, this case does not apply retroactively to cases that became final before the issuance of that decision. See Berry v. United States, ___F.Supp.2d ___, Case No. 7:05CV00574 (W.D.Va., Sep 29, 2005) (citing other cases). The

4

Fourth Circuit affirmed Farmer's conviction on June 25, 2004, and that conviction became final on September 23, 2004, upon expiration of his 90-day opportunity to file a petition for a writ of certiorari before the United States Supreme Court. See United States v. Clay, 537 U.S. 522 (2003). Thus, the rule in Booker (and its companion case, Fanfan) does not apply to Farmer's substantive collateral attack on his sentence under § 2255. The court must deny relief on Claim 3.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 25th day of October, 2005.

/s/ James C. Turk
Senior United States District Judge

5